IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

M.J., a minor female by and through her next friend
and biological mother, Andrea Jamerson,

    Plaintiff,

v.                                                                 CIVIL ACTION No. 3:21cv793

THE VIRGINIA DEPARTMENT OF STATE POLICE
d/b/a THE VIRGINIA STATE POLICE,

and

VIRGINIA STATE POLICE TROOPER BOELT,
in his individual capacity,

and

JOHN DOE(S) 1-20, (inclusive),
in their individual capacity,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL**

The Minor Plaintiff, M.J.., a minor female by and through her next friend and biological mother, Andrea Jamerson ("Mrs. Jamerson."), for her Complaint against Defendants, the Virginia Department of State Police d/b/a the Virginia State Police ("VSP"), VSP Trooper BOELT ("Trooper BOELT"), in his individual capacity, and John DOE(S) 1-20 (inclusive)(the "DOE(S)"), in their individual capacities, alleges as follows:

**INTRODUCTION**

1.    This civil rights action seeks compensatory and punitive damages from the Defendants for violating various rights under the United States Constitution and state law in

connection with an early morning raid conducted at the minor child's home in Powhatan County, Virginia by members of the Virginia State Police's Special Weapons and Tactics Team ("SWAT").

2. Among other things, this raid consisted of separating the Minor Plaintiff from her family (including her parents); placing her alone and barely clothed in a dark unheated van in sub-freezing temperatures; and then forcing her to watch her parents being interrogated (while barely clothed and handcuffed) by Trooper BOELT and others in a desperate and futile search for a dead deer.

## PARTIES

3. At all relevant times, M.J. is a minor female child residing in Powhatan County, Virginia. M.J. sues through her biological mother, and next friend, Andrea Jamerson.

4. Defendant Virginia State Police ("VSP") is the Commonwealth of Virginia's Police Force.

5. At all relevant times, Trooper BOELT and John DOE(S) 1 through 20 were employed as Troopers in the VSP and, upon information and belief, members of its SWAT team.

6. At all relevant times, Trooper BOELT and John DOE(S) 1 through 20 were employed by VSP as supervisorial officers and managerial and policy making employees.

7. All of the Defendants are residents of the Commonwealth of Virginia (the "Commonwealth"). Trooper BOELT and John DOE(S) 1 through 20 are being sued in their individual capacities for damages only.

8. At all times relevant, Defendants Trooper BOELT and DOE(S) 1 through 20 were duly authorized employees and agents of the VSP, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, the VSP.

9.     At all times relevant, Defendants Trooper BOELT and DOE(S) 1 through 20 were duly appointed officers and/or employees or agents of the VSP, subject to oversight and supervision by VSP officials.

10.    In performing said acts and failing and omitting to act as hereinafter described, Trooper BOELT and DOE(S) 1 through 20 were acting on the implied and actual permission and consent of the Commonwealth.

11.    At all times mention herein, each and every Defendant was the agent of each and every other VSP Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant.

12.    The true names of the Defendants DOE(S) 1 through 20, are unknown to the Minor Plaintiff, who therefore sues these Defendants by such fictitious names. The Minor Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

13.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Powhatan County, Virginia.

## FACTS COMMON TO ALL COUNTS

15. On January 6, 2019, at approximately 5:30 a.m., the Jamerson family was awakened when the VSP SWAT team raided and/or stormed their home with machine guns drawn.

16. More than twenty (20) members of VSP SWAT, with machine guns drawn, surrounded the Jamerson family home in the early morning hours of January 6th in sub-freezing temperature searching for a dead deer. Clearly, such gestapo tactics were not needed and completely unnecessary to search for a dead deer.

17. After raiding the Jamerson home, Trooper BOELT and DOE(S) 1 through 20 separated the Jamerson family, including thirteen (13) year old M.J. who is now unwilling to speak to her parents and fearful of the police. She is anxious and depressed.

18. Despite her mother's constant and repeated pleas to clothe M.J., or get her daughter a blanket because of the sub-freezing temperature of twenty (20) degrees Fahrenheit, Trooper BOELT and DOE(S) 1 through 20 refused to do so.

19. Instead, they placed the entire Jamerson family, including M.J., in separate unheated and unmarked cargo vans.

20. After detaining the entire Jamerson family, including M.J., in these unheated vans in sub-freezing temperatures for approximately one (1) hour, the troopers then led the Jamersons, some of whom were handcuffed, back into their home for interrogation.

21. Trooper BOELT led each interrogation.

22. Trooper BOELT never gave *Miranda* warnings to any member of the Jamerson family.

23. Indeed, none of the Defendants ever gave *Miranda* warnings to any member of the Jamerson family.

24. Trooper BOELT interrogated M.J.'s father, Mr. Jamerson, who was in his underwear and handcuffed, in front of his children.

25. This interrogation of Mr. Jamerson lasted for one (1) hour.

26. Despite never giving Mr. Jamerson any form of *Miranda* warning, Trooper BOELT repeatedly questioned Mr. Jamerson.

27. While detaining Mr. Jamerson, Trooper BOELT repeatedly maintained that Mr. Jamerson was not allowed to own any form of firearm, because Mr. Jamerson is/was a convicted felon.

28. Eventually, Trooper BOELT learned about the restoration of Mr. Jamerson's rights, thus authorizing him to own a gun.

29. Clearly, based on the above, Trooper BOELT and DOE(S) 1 through 20 unlawfully seized and unconstitutionally questioned Mr. Jamerson. They did so in front of Mr. Jamerson's children, including M.J.

30. After unconstitutionally interrogating Mr. Jamerson, Trooper BOELT turned his attention to M.J.'s mother, Mrs. Jamerson.

31. Again, no *Miranda* warning was given.

32. Trooper BOELT asked the following: (a) Why does your husband hunt with all Black people?; (b) Why do you buy your husband guns?; (c) Where does your husband work? and (d) How does he get to work?

33. The unconstitutional questioning of Mrs. Jamerson lasted for thirty (30) minutes. This interrogation was again done in front of the Jamerson children, including M.J.

34. During the interrogation, Trooper BOELT then declared he was investigating the illegal killing of eight (8) deer on Ballsville Road in Powhatan County, Virginia.

5

35. Trooper BOELT stated he knew Mr. Jamerson had killed the deer and that he was going to prove that Mr. Jamerson did so.

36. This repeated harassment and unconstitutional behavior did not end until Mrs. Jamerson advised Trooper BOELT about the restoration of Mr. Jamerson's rights and by showing Trooper BOELT the appropriate paperwork.

37. At all relevant times mentioned above, Defendant DOE(S) 1 through 20 did nothing to stop the unconstitutional questioning of Mr. and Mrs. Jamerson and the unconstitutional seizure of the entire Jamerson family, including M.J.

38. Again, the Jamerson children, including M.J., witnessed their parents being unconstitutionally questioned and unlawfully seized by Trooper BOELT and Defendants 1 through 20.

39. They were awakened, handcuffed and dragged into the sub-freezing cold of morning into an unheated van which has left indelible marks on their mental health that they will carry with them for quite some time.

40. The interrogation of their half-naked and handcuffed father in front of them only exacerbated their anxiety and/or depression.

41. Trooper BOELT's and DOE(S) 1 through 20's conduct violated the Jamerson's civil rights, including substantive violations of certain U.S. Constitutional rights as well as State Common Law claims.

## COUNT I

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

42. The Minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 41 of her Complaint as if set forth verbatim.

43. Defendants Trooper BOELT and DOE(S) 1 through 20 caused the Minor Plaintiff to be detained in violation of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourteenth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44. As a result of the conduct of Trooper BOELT and DOE(S) 1 through 20, they are liable for the Minor Plaintiff's injuries because they were integral participants to the violation of her rights.

45. These Defendants detained and/or seized the Minor Plaintiff, who is now unwilling to speak to her parents and fearful of the police, in sub-freezing temperature without reasonable suspicion or probable cause. The was no reason the minor child could not have been detained in her home with her siblings.

46. The conduct of Trooper BOELT and Defendant DOE(S) 1 through 20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Minor Plaintiff.

47. Therefore, these Defendants' behavior warrants the imposition of exemplary and punitive damages as to each and every one of them.

48. Accordingly, Defendants Trooper BOELT and DOE(S) 1 through 20 are each liable to the Minor Plaintiff for compensatory and punitive damages.

49. The Minor Plaintiff also seeks attorney fees under this claim.

## COUNT II

### Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)

50. The Minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 49 of her Complaint as if set forth verbatim.

51. Trooper BOELT's and Defendant DOE(S) 1 through 20's unjustified detention of the Minor Plaintiff deprived her of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52. The unreasonable use of force by Defendants Trooper BOELT and DOE(S) 1 through 20 deprived the Minor Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

53. As a result, the Minor Plaintiff suffered extreme mental and physical pain and suffering. Here, the Minor Plaintiff now refuses to be left alone, has trouble sleeping, has anxiety and has depression.

54. As a result of the conduct of Trooper BOELT and Defendant DOE(S) 1 through 20, they are liable for the Minor Plaintiff's injuries because they were integral participants in the excessive force.

55. Specifically, they detained the Minor Plaintiff in sub-freezing temperature in an unheated cargo van. These Defendants also forced the Minor Plaintiff to witness her parents being interrogated with her father being forced to kneel in nothing but his underwear and handcuffed.

56. This use of force was excessive and unreasonable under the circumstances. Defendants' actions thus deprived the Minor Plaintiff of her right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57. The conduct of Trooper BOELT and DOE(S) 1 through 20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Minor Plaintiff therefore warranting the imposition of exemplary and punitive damages as to each one of them.

58. The Minor Plaintiff seeks attorney fees under this claim.

## COUNT III

### Substantive Due Process (42 U.S.C. § 1983)

59. The Minor Plaintiff repeats and re-alleges paragraphs 1 through 58 of her Complaint as if set forth verbatim.

60. The Minor Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

61. The aforementioned actions of Trooper BOELT and DOE(S) 1 through 20, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of the Minor Plaintiff with the purpose to harm unrelated to any legitimate law enforcement objective.

62. Specifically, Trooper BOELT and DOE(S) 1 through 20 wrongfully, illegally and unconstitutionally detained the Minor Plaintiff in adverse and hostile conditions.

63. Trooper BOELT and DOE(S) 1 through 20 acting under color of state law, thus violated the Fourteenth Amendment rights of the Minor Plaintiff.

64. As a direct and proximate cause of Trooper BOELT and DOE(S) 1 through 20's acts, the Minor Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

65. As a result of their conduct, Trooper BOELT and DOE(S) 1 through 20 are individually liable for the Minor Plaintiff's injuries because such acts were an integral part in the denial of due process.

66. Trooper BOELT and DOE(S) 1 through 20's conduct was willful, wanton, malicious, and done with reckless disregard for the rights of Minor Plaintiff; therefore, warranting the imposition of exemplary and punitive damages in their individual capacity.

67. The Minor Plaintiff also seeks attorney fees under this Count.

## COUNT IV

### False Arrest/False Imprisonment (Virginia Common Law)

68. The Minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 67 of her Complaint with the same force and effect as if set forth verbatim.

69. Defendants Trooper BOELT and DOE(S) 1 through 20, while working as State Troopers for the Commonwealth, and acting within the course and scope of their duties, intentionally deprived the Minor Plaintiff of her freedom of movement by use of force and unreasonable duress. They detained the Minor Plaintiff in a sub-freezing temperature without reasonable suspicion and/or probable cause.

70. The Minor Plaintiff did not knowingly or voluntarily consent to her detention or attempted arrest. Upon information and belief, the Minor Plaintiff did not feel that she was free to leave as she awakened, separated from her parents and siblings and placed in an unheated metal van. By doing this, Trooper BOELT and DOE(S) 1 through 20, deprived the Minor Plaintiff, who was not a threat to them, of her liberty without justification.

71. Further, Defendants Trooper BOELT and DOE(S) 1 through 20 did not have probable cause to detain the Minor Plaintiff in the way that they did.

72. The conduct against the Minor Plaintiff by Trooper BOELT and DOE(S) 1 through 20 is a substantial factor in causing the harm of the Minor Plaintiff.

73. The conduct of Trooper BOELT and DOE(S) 1 through 20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the Minor Plaintiff, entitling her to an award of exemplary and punitive damages.

## COUNT V

### Gross Negligence (Virginia Common Law)

74. The Minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 73 of her Complaint with the same force and effect as if set forth verbatim.

75. The actions and inactions of the Defendants were grossly negligent and improper, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain, arrest, and use force against minor children in sub-freezing temperatures when the children are barely clothed;

    (b) the handling of the situations with minor children;

    (c) the negligent detention, arrest, and use of force against minor children;

    (d) the failure to provide proper care for a minor child in sub-freezing temperatures; and

    (e) such other grossly negligent and improper acts not presently known.

76. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, the Minor Plaintiff was caused to suffer severe injury and damage.

77. In addition, as a direct and proximate result of Defendants' conduct as alleged above, the Minor Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

78. VSP is vicariously liable for the wrongful acts of Trooper BOELT and DOE(S) 1 through 20.

## COUNT VI

### Intentional Infliction of Emotional Distress (Virginia Common Law)

79. The Minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 78 of her Complaint with the same force and effect as if set forth verbatim.

80. Trooper BOELT and DOE(S) 1 through 20's conduct towards the Minor Plaintiff was extreme and outrageous causing emotional distress to the her. Specifically, these Defendants, after surrounding her home with machine guns drawn, (a) separated the Minor Plaintiff from her family (including her parents); (b) placed her alone and barely clothed in a dark unheated van in sub-freezing temperatures; and (c) then forced her to watch her parents being interrogated (while barely clothed and handcuffed) by Trooper BOELT and others in a desperate and futile search for a dead deer.

81. Trooper BOELT and DOE(S) 1 through 20 took the aforementioned actions with reckless disregard of the Minor Plaintiff's well-being. As a result of their conduct, the Minor Plaintiff has suffered, and continues to suffer, anxiousness, depression, fear of loud noises and other physical maladies and injuries.

## PRAYER FOR RELIEF

WHEREFORE, the Minor Plaintiff, by her biological mother and next friend, prays for the following relief:

  A.  For compensatory damages in excess of $1,500,000.00;

  B.  For punitive damages in the amount of $350,000.00;

  C.  For interest;

  D.  For reasonable costs of this suit and attorneys' fees; and

  E.  For such further other relief as the Court may deem just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

The Minor Plaintiff demands a trial by jury on all issues within this Complaint.

DATED:  December 17, 2021

                        Respectfully submitted,

                        By Counsel

_____/s/_____
Donald J. Gee (VSB No. 26011)
dgee@geelawfirm.com
Brian K. Telfair (VSB No. 40516)
btelfair@geelawfirm.com
Vanessa E. Hicks, Esq. (VSB No. 30077)
vhicks@geelawfirm.com
The Gee Law Firm, P.C.
4719 Nine Mile Road
Henrico, VA 23223
(804) 226 – 4111 (Phone)
(804) 864-5292 (Fax)
*Counsel for the Minor Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on 17th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send notification of such filing to the following in the manner indicated:

William W. Tunner (VSB No. 38358)
Rachel W. Adams (VSB No. 92605)
ThompsonMcMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Phone: (804) 698-6205
Facsimile.: (804) 780-1813
wtunner@t-mlaw.com
radams@t-mlaw.com
*Counsel for Defendant Commonwealth of Virginia*

                                                      /s/
                                  Brian K. Telfair, Esq. (VSB No. 40516)
                                  The Gee Law Firm, P.C.
                                  6029 Midlothian Turnpike
                                  Richmond, Virginia 23225
                                  (804) 226 – 4111 (Phone)
                                  (804) 864-5292 (Fax)
                                  btelfair@geelawfirm.com (Email)
                                  (804) 226 – 4111 (Phone)
                                  (804) 864-5292 (Fax)
                                  *Counsel for the Minor Plaintiff*